James H. Power
Tiana M. Stephens
Marie E. Larsen
Sean P. Barry
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, New York 10019
Telephone: (212) 513-3200
Fax: (212) 385-9010
james.power@hklaw.com
tiana.stephens@hklaw.com
marie.larsen@hklaw.com
sean.barry@hklaw.com

*ATTORNEYS FOR APPLICANT*
*THE SWIFTHOLD FOUNDATION*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE THE APPLICATION OF<br>THE SWIFTHOLD FOUNDATION.<br><br>REQUEST FOR DISCOVERY PURSUANT<br>TO 28 U.S.C. § 1782. | Civil Action No. 15-Misc. \_\_\_\_\_ |

## *EX PARTE* APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782

COMES NOW, Applicant, The Swifthold Foundation, a foreign business entity organized under the laws of Panama (Register Number 25141) and an address at Torre Delta Building, 6th Floor, Office 601 Via Espana, Panama City, Republic of Panama ("**Applicant**" or the "**Foundation**"), by and through its undersigned counsel, Holland & Knight LLP, and applies for an *ex parte* Order pursuant to 28 U.S.C. § 1782 to obtain discovery in the form of subpoenas to be served on certain banks and an insurance company found within the Southern District of New York

(this "**District**") for the production of relevant documents that are believed to be in the possession, custody, and/or control of: Bank of America N.A., Barclays Bank PLC, BNP Paribas SA, Citibank N.A., Deutsche Bank Trust Co. Americas, HSBC Bank (USA) N.A.; JPMorgan Chase Bank, N.A., Royal Bank of Scotland PLC, Societe Generale, Standard Chartered Bank, The Bank of NY Mellon, UBS AG, and Wells Fargo Bank, N.A. (collectively, the "**New York Banks**"), and from a subsidiary of Cantor Fitzgerald, Cantor Insurance Group, LP (the "**New York Insurance Company**"), for use in a pending foreign proceeding and several contemplated foreign proceedings (this "**Application**")

Pursuant to 28 U.S.C. § 1782, an applicant may be granted discovery in the United States in aid of an existing or reasonably contemplated foreign proceeding if the applicant is an interested party to the pending or contemplated proceeding and if the individual or entity from which information is sought resides or is found within the judicial district

For the reasons set forth in this Application, the Declarations of James H. Power dated May 21, 2015 (the "**Power Declaration**") and Martin Caller, dated May 21, 2015 (the "**Caller Declaration**"), as well as the exhibits thereto, and the Memorandum of Law, submitted in support of this Application, this Application satisfies 28 U.S.C. § 1782's requirements and the Supreme Court's discretionary factors, and the requested discovery should be granted

## JURISDICTION AND VENUE

Jurisdiction and venue are proper in this District pursuant to 28 U.S.C. § 1782 as this Application seeks the discovery of documents, mainly business records and electronically stored information, that are located within the United States and in the possession, custody, or control of the New York Banks and the New York Insurance Company, each of which reside or are found

2

within the Southern District of New York. At all times material herein, Applicant is and was a foreign business entity organized under the laws of a foreign state.

## FOREIGN PROCEEDINGS

Applicant seeks discovery with respect to documents located in the United States and in this District for use in the following foreign proceedings by the Foundation (collectively, the **"Foreign Proceedings"**):

(i) the application for substitution of defendant, Fast Trading Group (**"Fast Trading"**), for Sheikh Fahad Ahmad Bin Mohamed Al-Thani pending in the High Court of Justice, Chancery Division, Manchester District Registry in England, United Kingdom;

(ii) the reasonably contemplated foreign post-judgment security proceeding(s) against Fast Trading's assets;

(iii) the reasonably contemplated post-judgment security proceeding(s) alleging that a sufficient connection exists between the Related Parties (defined below), or other entities or individuals, and Fast Trading; and

(iv) the reasonably contemplated judgment enforcement litigation alleging that an alter ego relationship exists between the Related Parties (defined below), or other entities or individuals, and Fast Trading, warranting that those entities or individuals be held jointly liable for Fast Trading's debts to Applicant.

## RELEVANT FACTS

The facts giving rise to this Application are set forth in detail in the Power Declaration and the Caller Declaration, as well as the exhibits thereto.

As a brief summary of the underlying dispute, Applicant and Fast Trading (the "**Parties**") entered into an Asset Enhancement Agreement dated June 30, 2009 (the "**Agreement**"), as supplemented by an addendum dated July 1, 2009, relating to the Luxor Global Bond (ISIN number GB 00B3F58170) with a face value of $900 million (the "**Bond**").

The Bond was assigned to Fast Trading and backed by Senior Life Settlements ("**SLS**") policies confirmed by SWIFT delivery. Fast Trading was to arrange the backing by obtaining the SLS policies and to provide the necessary generated funds for the underlying financial transactions. Fast Trading was also to utilize the Bond and pay for the relevant SLS policies backing the Bond. With the SLS policies, Fast Trading was to then use the Bond to raise a credit line for the purpose of realizing funds to be generated pursuant to the Agreement. The Agreement was for one year, subject to extension.

Fast Trading was to pay the Foundation a cash advance of $2 million within 10 banking days of delivery of the Agreement in addition to the loan to value in respect of the Bond. Once the contract commenced, pursuant to various conditions precedent, Fast Trading was to pay the Foundation $150 million per week. Fast Trading breached the agreement and never provided any of the payments due under the Agreement. The Foundation sued Fast Trading for breach of contract in 2010 and received a judgment of $4 billion (the "**Judgment**") against Fast Trading from the High Court of Justice, Chancery Division, Manchester District Registry dated October 31, 2011. The Foundation is presently pursuing a substitution of defendant action against Fast Trading to substitute Sheikh Fahad Ahmad Bin Mohamed Al-Thani for The Fast Trading Group in the same court and is contemplating additional actions similar in nature.

The following entities (the "**Related Parties**") are likely to be sufficiently connected with Fast Trading to be liable for Fast Trading's debts to the Foundation in many non-U.S. jurisdictions,

or, at a minimum, to have information that will lead to security for the Judgment against Fast Trading's assets that are located outside of the United Kingdom

    (i)     Fahad bin Ahmad Bin Mohammed Al-Thani,

    (ii)    a/k/a Fahad Ahmad Bin Mohammed Al-Thani,

    (iii)   a/k/a Fadh Ahmad Al-Thani,

    (iv)   Fast Global Trading Group,

    (v)    Fast Trading Group,

    (vi)   Fast Trading and Contracting Company,

    (vii)  Inprogramme S A ,

    (viii) David Michael Doherty

    (ix)   Millville Limited,[1] and

    (x)    Dockhold Ltd

This conclusion is primarily based on publicly available information relating to the structure and management of the group of entities to which Fast Trading and the Related Parties belong, namely, the Fast Trading Group ("**Fast Trading**") The Foundation's point of contact with Fast Trading regarding the Agreement was David Doherty a Director of Fast Trading Group David has expressly stated that he serves as an officer of other companies in the Fast Trading Group and that are owned by Sheikh Fahad bin Ahmad Bin Mohammed Al-Thani

Thus, it appears that the Related Parties are more accurately described as separate trade names of one entity, Sheikh Al-Thani than separate entities Based on Applicants' experience with

---

[1] David Michael Doherty (of Ireland) is also listed as an officer for Millville Limited and Dockhold Ltd in online publicly available data  https //opencorporates com/officers/69092431 and
https //opencorporates com/companies/gb/03356392 (last visited on May 20, 2015), which is strong evidence that those entities are owned by Sheikh Fahad bin Ahmad Bin Mohammed Al-Thani and suitable entities to seek to add to an amended judgment

Fast Trading's non-payment of obligations, the money Sheikh Al-Thani has and gains may well be "managed through" the Inprogramme rubric leaving Fast Trading undercapitalized.

## REQUEST FOR DISCOVERY ASSISTANCE

Applicant requests that the Court provide discovery assistance with respect to the Foreign Proceedings. Applicant requests that the New York Banks, each of which are present within District, be directed to provide discovery, specifically described below, for use in the Foreign Proceedings. Each of the New York Banks is a participant in the Clearing House Interbank Payments System (CHIPS), which is the largest private-sector U.S. dollar funds-transfer system in the world. CHIPS participants generally keep electronic records of U.S. dollar fund transfers and are able to easily search and produce these records. Although Applicant does not know with which banks in the world that Fast Trading or the Related Parties do business, the New York Banks were selected because these banks have business relationships with banks in Italy, Qatar, and Switzerland. In addition, the wire-transfer records should identify U.S. dollar wire-transfers where the Related Parties are listed as originators or beneficiaries, or are otherwise referenced therein. Accordingly, these wire-transfer records should help to locate Fast Trading's foreign bank accounts and assets and to link Fast Trading, the judgment debtor, to its trading partners and counterparties that are doing business internationally and to determine whether assets are being commingled or fraudulently conveyed and will offer the necessary factual support to add or substitute additional defendants in the pending United Kingdom action or those filed subsequently.

As more specifically described in Applicant's Memorandum of Law in Support of an *Ex Parte* Application for Discovery Pursuant to 28 U.S.C. § 1782 (the "**Memorandum of Law**"), assistance is appropriate here because: (i) each of the New York Banks "resides" or is "found" within this District; (ii) Applicant is an "interested person" (as a party to the ongoing and

contemplated Foreign. Proceedings); and (iii) the Foreign Proceedings are taking place before and are reasonably contemplated to be commenced before a "foreign or international tribunal," and (iv) the information obtained will be for use in and in support of the Foreign Proceedings.

Moreover, granting this Application will further the statute's twin goals of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign courts by example to provide similar means of assistance to our courts.

Finally, each of the four discretionary factors identified by the Supreme Court weighs in favor of granting this Application.

WHEREFORE, pursuant to 28 U.S.C. § 1782, Applicant requests that this Court enter an Order:

1. Authorizing Applicant to issue and serve subpoenas on the New York Banks for the production of the following documents:

    A. For the period beginning January 1, 2011 to the present, copies of all wire transfer records processed by the New York Banks, as intermediary or correspondent banks, where any of the following entities that may be adverse to Applicant in the Foreign Proceedings (the "**Discovery Subjects**") is an originator, beneficiary, or is otherwise referenced in the wire transfer:

        i) Fahed bin Ahmad Bin Mohammed Al-Thani;

        ii) Fahad Ahmad Bin Mohammed Al-Thani;

        iii) Fadh Ahmad Al-Thani;

        iv) Fast Global Trading Group;

        v) Fast Trading Group;

7

    vi)  Fast Trading and Contracting Company;

    vii)  Inprogramme S.A.; and

    viii)  David Michael Doherty.

  B.  For the period beginning January 1, 2008 to the present, identify any bank accounts in the name of and/or held beneficially for any of the Discovery Subjects, and provide the full records thereof, specifically including copies of present and historical account balance information, and records of incoming and outgoing payments.

  C.  For the period beginning January 1, 2008 to the present, identify any accounts, loans, lines of credit or other funding arrangements to any of the Discovery Subjects, and provide full records thereof.

  2.  Directing the New York Banks to produce the documents requested in their respective subpoenas within twenty-one (21) days of service of the subpoena and as required under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York but granting a reasonable extension if requested by any of the New York Banks or Cantor Insurance Group, LP.

  3.  Directing the New York Banks to preserve documents and evidence, electronic or otherwise, in their possession, custody, or control that contain information potentially relevant to the subject matter of the Applicant's document request.

  4.  Authorizing Applicant to issue and serve a subpoena on Cantor Insurance Group, LP for the production of all documents (to the extent they are not legally privileged documents) relating to any investigation the Cantor Insurance Group, LP may have conducted on Fast Trading, Sheikh Fahed bin Ahmad Bin Mohammed Al-Thani or any Fast Trading Group entity as

8

referenced in the letter addressed to John Owen of The Swifthold Foundation and dated July 6, 2009.

5.  Retaining jurisdiction over the matter for the purpose of enforcement and assessing any supplemental request for discovery assistance that may be requested by Applicant.

In summary, based on the reasons set forth in this Application; the Power Declaration; the Caller Declaration, as well as the exhibits thereto; and the Memorandum of Law, Applicant clearly meets the requirements of 28 U.S.C. § 1782, and this Application for the Order should be granted.

Dated:  New York, New York
        May 21, 2015

                                        HOLLAND & KNIGHT LLP

                                By:     _____
                                        James H. Power
                                        Tiana M. Stephens
                                        Marie E. Larsen
                                        Sean P. Barry
                                        31 West 52nd Street
                                        New York, New York 10019
                                        Tel: (212) 513-3200 / Fax: (212) 385-9010
                                        james.power@hklaw.com
                                        tiana.stephens@hklaw.com
                                        marie.larsen@hklaw.com
                                        sean.barry@hklaw.com

                                        *Attorneys for Applicant*

9

#35593514_v2