UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE THE APPLICATION OF
THE SWIFTHOLD FOUNDATION,

REQUEST FOR DISCOVERY PURSUANT
TO 28 U.S.C. § 1782.



**DECLARATION OF JAMES H. POWER IN SUPPORT OF THE**
***EX PARTE* APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782**

I, James H. Power, declare as follows:

1.     I am a member of the law firm of Holland & Knight LLP, counsel for The Swifthold Foundation (the "**Foundation**"), and am duly admitted to practice before the United States District Court for the Southern District of New York.  I respectfully submit this declaration in support of the Foundation's application for discovery pursuant to 28 U S C § 1782 (this "**1782 Application**")

2.     I submit this declaration to provide the Court with information relevant to the banks and the insurance company from which discovery is sought and a basic understanding of U.S. dollar fund-transfer systems.

3.     To the best of my knowledge, information, and belief, based on my investigation of the facts surrounding this dispute and of the entities, the following banks (the "**New York Banks**") from which discovery is sought reside or are found within the Southern District of New York (this "**District**"):

    (i)     Bank of America N.A.;

    (ii)    Barclays Bank PLC;

(iii)    BNP Paribas SA,

(iv)    Citibank N A ,

(v)    Commerzbank AG,

(vi)    Deutsche Bank Trust Co  Americas,

(vii)    HSBC Bank (USA) N A

(viii)    JPMorgan Chase Bank, N A ,

(ix)    Royal Bank of Scotland PLC,

(x)    Societe Generale,

(xi)    Standard Chartered Bank

(xii)    The Bank of NY Mellon

(xiii)    UBS AG  and

(xiv)    Wells Fargo Bank  N A

4    Additionally  to the best of my knowledge  information  and belief  based on my experience in obtaining bank account  loan  and U S  dollar wire transfer records  each of the New York Banks is a participant in the Clearing House Interbank Payments System (CHIPS) which, according to The Clearing House Payments Company  LLC s website  is the largest private-sector U S  dollar funds-transfer system in the world [1]

5    In my experience, the New York Banks keep electronic records of U S  dollar fund transfers and are able to easily search and produce these records

---

[1] Each of the banks from which discovery is sought is a member of The Clearing House Payments Company  LLC and utilizes the CHIPS system, which  according to The Clearing House Payments Company LLC s website  is the largest  private-sector  U S  dollar funds transfer  system  in  the  world    *See*  The  Clearing  House https //www theclearinghouse org/payments/chips (last visited May 20  2015) (generally describing the CHIPS system), The Clearing House, https //www theclearinghouse org/payments/chips/helpful-info (last visited May 20 2015) (providing a list of customers, including the New York Banks)

6      In this matter, discovery is sought from the following parties that Applicant believes owe a debt to Applicant or the judgment debtor, Fast Trading Group ( **Fast Trading** ) or are believed to be "substantially connected" to or an alter ego, successor-in-interest or fraudulent conveyee of Fast Trading (the "**Related Parties**")

    (i)      Fahed bin Ahmad Bin Mohammed Al-Thani,

    (ii)     a/k/a/ Fahad Ahmad Bin Mohammed Al-Thani,

    (iii)    a/k/a Fadh Ahmad Al-Thani,

    (iv)     Fast Global Trading Group,

    (v)      Fast Trading Group

    (vi)     Fast Trading and Contracting Company

    (vii)    Inprogramme S A

    (viii)   David Michael Doherty

    (ix)     Millville Limited [2] and

    (x)      Dockhold Ltd

7      Although Applicant does not know with which banks in the world that Fast Trading or the Related Parties do business, the New York Banks were selected are known to do business with UAE, Qatar, Switzerland and the United Kingdom, and more specifically, act as correspondent Banks for foreign banks located in these jurisdictions   The wire-transfer records should identify U S  dollar wire-transfers where the Related Parties are listed as originators or beneficiaries, or are otherwise referenced therein

---

[2] David Michael Doherty (of Ireland) is also listed as an officer for Millville Limited and Dockhold Ltd in online publicly available data   https //opencorporates com/officers/69092431 and https //opencorporates com/companies/gb/03356392 (last visited on May 20, 2015), which is strong evidence that those entities are owned by Sheikh Fahad bin Ahmad Bin Mohammed Al-Thani and suitable entities to seek to add to an amended judgment

8.      Accordingly, these wire-transfer records should help to locate Fast Trading's foreign bank accounts and assets and to link Fast Trading, the judgment debtor, to its trading partners and counterparties that are doing business internationally and to determine whether assets are being commingled.

9.      For example, records of wire transfers to and from Fast Trading would show Fast Trading's counterparties in connection with money transactions.   In the context of funding projects that Fast Trading managed with respect to multiple accounts, funding payments from Fast Trading to the accounts of its various clients via wire transfer may be available from the New York Banks and would be proof that Fast Trading made funding payments.  With respect to large funding deals, U.S. Dollars are the standard currency used in such transactions.  Such payments would be used as evidence to demonstrate that the Related Parties are appropriate defendants in security or judgment enforcement proceedings in jurisdictions worldwide wherever their assets may be found and to use such evidence in adjudicative proceedings in foreign jurisdictions.

10.     The information from Cantor Insurance Group, LP (the "**New York Insurance Company**") will also be similarly used to determine Fast Trading's financial transactions and dealings because it is believed that the New York Insurance Company conducted its own investigations into Fast Trading's financial background.  If such investigation was conducted the New York Insurance Company should be able to access, recover and produce such records at little or no cost or inconvenience.

11.     The above-mentioned foreign proceedings are and will be adjudicative in nature because:

a. With respect to the currently pending defendant substitution proceeding in the High Court in Manchester, United Kingdom, the High Court must determine whether Fast Trading is in fact just a trade name for Sheikh Fahed bin Ahmad Bin Mohammed Al-Thani pursuant to the United Kingdom's Civil Procedural Rules; and

b. With respect to the claims against the Related Parties, the foreign tribunals must determine whether Fast Trading is "sufficiently connected" or alter egos of Fast Trading. Such findings are typically only made after briefing and hearing.

12.    I further submit this declaration to provide the Court with the declaration of Martin Stuart Caller, dated May 21, 2015 (the "**Caller Declaration**") which was sworn under penalty of perjury under the laws of the United States of American pursuant to 28 U.S.C § 1746. The Caller Declaration and the exhibits thereto is attached hereto as **Exhibit A**

I declare under penalty of perjury that the foregoing is true and correct.

Dated:       New York, New York
             May 21, 2015

James H. Power

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE THE APPLICATION OF
THE SWIFTHOLD FOUNDATION,

REQUEST FOR DISCOVERY PURSUANT
TO 28 U.S.C. § 1782.

Civil Action No. 15-Misc. _____

### DECLARATION OF MARTIN STUART CALLER IN SUPPORT OF
### *EX PARTE* APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782

I, MARTIN STUART CALLER, of BBS Law Ltd., 1 The Cottages, Deva Centre, Trinity

Way, Manchester, M3 7BE, declare as follows:

1.  I am a solicitor in Manchester, England, United Kingdom in the law firm of BBS
    Zatman Ltd. since May 2013. I am a Solicitor Advocate of the Supreme Court of
    England and Wales, practising English law since April 1974. I have degrees from
    Manchester Metropolitan University (B.A. Hons) and Staffordshire University (LLM)

2.  I make this Declaration in support of the application of The Swifthold Foundation, a
    foreign business entity organized under the laws of Panama with registered number
    25141, and an address at Torre Delta Building, 6th Floor, Office 601 Via Espana,
    Panama City, Republic of Panama ("**Applicant**" or "**the Foundation**"), to the United
    States District Court for the Southern District of New York under 28 U.S.C. § 1782
    (the "**1782 Application**") seeking discovery in the form of subpoenas for the
    production of documents that are located in the United States and in the possession,
    custody, and control of several New York banks and a New York insurance company

1

for use in the following foreign proceedings by the Foundation (collectively, the "**Foreign Proceedings**"):

   i. the application for substitution of defendant, Fast Trading, for Sheikh Fahad Ahmed Bin Mohamed Al-Thani pending in the High Court of Justice, Chancery Division, Manchester District Registry in England, United Kingdom and possible follow-on application naming additional defendants/judgment debtors if appropriate;

   ii. the reasonably contemplated foreign post-judgment security proceeding(s) against Fast Trading's assets;

   iii. the reasonably contemplated post-judgment security proceeding(s) alleging that a sufficient connection exists between the Related Parties (as defined in paragraph 16 of this declaration), or other entities or individuals, and Fast Trading, and

   iv. the reasonably contemplated judgment enforcement litigation alleging that an alter ego relationship exists between the Related Parties, or other entities or individuals, and Fast Trading, warranting that those entities or individuals be held jointly liable for Fast Trading's debts to Applicant.

3. Discovery is being sought for the purposes of locating the bank accounts, assets, counterparties, related parties, as well as identify "sufficiently connected" parties and alter egos of Fast Trading, so that Applicant can support its claims in a pending United Kingdom proceeding and commence additional Foreign Proceedings to amend the judgment to name additional defendants and to satisfy the debt Fast Trading, or its "sufficiently connected" party or alter ego, owes to Applicant.

2

4. I am fully familiar with the facts of this case, as I have been investigating the subject matter of the defendant substitution matter filed in the High Court of Justice, Chancery Division in Manchester, England.

5. I am fully authorized to make this Declaration by the Foundation. The statements contained herein are true to the best of my knowledge and belief. Aside from where otherwise indicated, facts contained herein are based upon personal knowledge and my review of the relevant documentation. That relevant documentation includes, but is not limited to, copies of the contracts, correspondence and exhibits thereto that were submitted in support of the claim resulting in the $4 billion judgment against Fast Trading Group from the High Court in Manchester, England and that BRS Law Ltd submitted to the High Court in support of the pending defendant substitution matter.

## THE PARTIES AND BASIC FACTS

6. Applicant is a Foundation registered in Panama, created under laws of Panama with its registered number 25141. The Foundation is a private-interest legal entity.

7. Fast Trading is the name under which Sheikh Fahad Ahmed Bin Mohamed Al Thani appears to trade. Fast Trading appears to be linked to Inprogramme SA, a Swiss registered company that I am informed was dissolved on January 30, 2015.

### *THE ASSET ENHANCEMENT AGREEMENT*

8. On June 30, 2009, Applicant and Fast Trading entered into an asset enhancement agreement, as supplemented by an addendum dated July 1, 2009 relating to the Luxor Global Bond (ISIN number GB 00B3F58170) with a face value of $900 million (the "Bond"). The complete asset enhancement agreement (including the addendum) is attached hereto as **Exhibit 1**.

3

9. The Bond was assigned to Fast Trading to be backed by Senior Life Settlements ("**SLS**") policies confirmed by SWIFT delivery.   Fast Trading was to arrange the backing by obtaining the SLS policies and to provide the necessary generated funds for the underlying financial transactions.  With the SLS policies, Fast Trading was to then use the Bond to raise a credit line for the purpose of realizing funds to be generated pursuant to the Agreement.  The Agreement was for one year, subject to extension.

10. A subsidiary of Fitzgerald Cantor, Cantor Insurance Group, LP, had agreed in principle to provide the SLS policies.  Attached hereto as **Exhibit 2** is correspondence from Cantor Insurance Group to the Foundation regarding the SLS policies and The Fast Trading Group.

*FAST TRADING'S BREACH OF THE ASSET ENHANCEMENT AGREEMENT*

11. Fast Trading was to pay the Foundation a cash advance of $2 million within 10 banking days of delivery of the Agreement in addition to the loan to value in respect of the Bond.  Once the contract commenced, pursuant to various conditions precedent, Fast Trading was to pay the Foundation $150 million per week.

12. Fast Trading breached the Agreement and never provided any of the payments due under the Agreement.  The Foundation sued Fast Trading for breach of contract in 2010 and received a valid and final judgment of $4 billion, interest and costs (the "**Judgment**") against Fast Trading from the High Court of Justice, Chancery Division, Manchester District Registry dated October 31, 2011.  The Judgment is attached hereto as **Exhibit 3**.

**THE PENDING DEFENDANT SUBSTITUTION ACTION IN MANCHESTER HIGH COURT**

13. In March 2015, BBS Law Ltd made an application to the Manchester High Court to substitute Sheikh Fahed bin Ahmed Bin Mohammed Al-Thani for the defendant, Fast Trading, pursuant to United Kingdom Civil Procedure ("CPR") Rule 19. CPR 19.2.5 gives the court the power to substitute parties after judgment. Attached hereto as **Exhibit 4** is a true and correct copy of the defendant substitution application.

14. A United Kingdom court will substitute a defendant where a judgment has been entered and there is credible evidence that there is an overriding objective to substitute the defendant to permit a judgment creditor to collect on its judgement *See Humber Boats Ltd v Owners of the Selby Paradigm* [2004] EWHC 1804; [2004] 2 Lloyds Rep. 714.

15 If the true position is that it can be demonstrated by credible evidence that Fast Trading was in fact the trading name of Sheikh Fahed bin Ahmed Bin Mohammed Al-Thani then the High Court will substitute the defendant

## FAST TRADING'S RELATIONSHIP WITH THE RELATED PARTIES

16. It is my understanding that the following entities (the "**Related Parties**") are all related to or connected with Fast Trading:

     i. Fahad bin Ahmed Bin Mohamed Al-Thani;

     ii. a/k/a/ Fahad Ahmed Bin Mohammed Al-Thani;

     iii. a/k/a Fahed bin Ahmed Bin Mohammed Al-Thani;

     iv. a/k/a Fadh Ahmed Al-Thani;

     v. Fast Global Trading Group;

     vi. Fast Trading Group;

     vii. Fast Trading and Contracting Company;

    viii.  Inprogramme S.A.;

    ix.  David Michael Doherty;

    x.  Millville Limited;[1]

    xi.  Dockhold Ltd.

17. This conclusion is based on publicly available information relating to the structure and management of Fast Trading and its relationships and business dealings with the Related Parties, I am led to believe that the Related Parties may be sufficiently connected with Fast Trading to be liable for Fast Trading's debts to the Foundation in many jurisdictions, or, at a minimum, to have information that will lead to security or judgment against Fast Trading's assets that are located outside of the United Kingdom.

18. Sheikh Fahad bin Ahmed Bin Mohamed Al-Thani who styles himself as Chairman of Fast Trading. Attached hereto as **Exhibit 5** is a resolution of Fast Trading in which Sheikh Fahed bin Ahmed Bin Mohamed Al-Thani grants signing power to David Michael Doherty

## PURPOSE OF AND NEED FOR THE REQUESTED DISCOVERY IN THIS DISTRICT

19. Under the circumstances, evidence that will be relevant and important to Applicant's Foreign Proceedings is in the possession, custody, and control of the New York Banks, and the New York Insurance Company, which are located in the Southern District of New York (this **"District"**).

---

[1] David Michael Doherty (of Ireland) is also listed as an officer for Millville Limited and Dockhold Ltd in online publicly available data.  https://opencorporates.com/officers/69092431 and https://opencorporates.com/companies/gb/03356392 (last visited on May 20, 2015).

20. The Applicant, by way of the 1782 Application, seeks to obtain information to support security and/or enforcement proceedings in the United Kingdom and elsewhere against Fast Trading and the Related Parties.

21. This Application seeks discovery for the purposes of locating and investigating Fast Trading and the Related Parties, so that Applicant can determine:

    (i)    Fast Trading's bank accounts, assets, trading parties, and counterparties;

    (ii)    the Related Parties' bank accounts, assets, trading parties, and counterparties;

    (iii)    the location of Fast Trading's and the Related Parties' bank accounts, assets, trading parties, and counterparties;

    (iv)    whether the Related Parties are "sufficiently connected" or alter egos of Fast Trading; and

    (v)    where in the world to commence the Foreign Proceedings to satisfy the debt Fast Trading owes, or its "sufficiently connected" parties or alter egos owe, to Applicant.

22. None of this information has been made available to Applicant and is not available to Applicant within the defendant substitution action pending in the High Court in Manchester.

Pursuant to Section 1746 of Title 28 of the United States Code, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated       Manchester, England
            May 21, 2015

                                      Martin Stuart Caller

# Exhibit 1

# ASSET ENHANCEMENT AGREEMENT

### Agreement Code: RBS/JO-SF/$USD900M/SCR-SLSP/30062009

This Asset Enhancement Agreement, ("Agreement"), is made this 30TH day of JUNE 2009  This Agreement supersedes and replaces all prior understandings, representations, and Agreements related to the same asset/funds

## BETWEEN

### SWIFTHOLD FOUNDATION

| | |
|---|---|
| Street address | Comosa Buildings, 15th Floor, Samuel Lewis Avenue, Panama  City, Panama |
| Represented by | John Edward Foord Owen |
| UK Passport No | 621082040 |
| Telephone | +447793 432 754 |
| Facsimile | +41 43 500 3871 |
| Email | geotfrey@lanesmithshipptel com |

Hereinafter referred to as  SF" and/or "Client"

## AND

### FAST TRADING GROUP

| | |
|---|---|
| P O  Box 19591 Doha, Qatar | |
| Represented by | David M  Doherty |
| Ireland Passport No | B675859 |
| Phone | +1 202 470 0968 |
| Fax. | +1 202 318 8279 |
| Email | FTCDOHA@gmail.com |

Hereinafter referred to as "FTG" and/or the "Second Party"

The above are sometimes hereinafter severally referred to as the  'Party" or collectively referred to as the "Parties"

FTG

# ASSET ENHANCEMENT AGREEMENT

### Agreement Code: RBS/JO-SF/$USD900M/SCR-SLSP/30062009

**Asset Description:**

| | |
|---|---|
| Name of Bank | RBS Coutts Bank SA |
| Branch | Geneva |
| Street address | 13 Quai de L'Ile P O  Box 5440 |
| City/State/ZIP | Geneva 11, CH1211 Switzerland |
| Telephone | +41 223 190 136 |
| Facsimile | +41 794 014 271 |
| S W I F T. Code | COUTCHZZ |
| Bank Officer #1 | Mark J  Robertson |
| Account Name | The Swifthold Foundation - Owen |
| Account Number | 11111695 1001 |
| Account Signatory | John E  F, Owen |
| Asset available | Luxor Global Bond (ISIN Nbr GB00B3F58170) Face value of US$ 900,000,000 00 (Nine Hundred Million Dollars) |

**CORPORATE BOND** with ISIN Number GB00B3F58170 with a face value of **USD$ 900,000,000.00 (NINE HUNDRED MILLION UNITED STATES DOLLARS)** is a good, clean asset of non criminal and non terrorist origin, free and clear of liens or encumbrances of any nature and without restrictions or treaties of any nature, in **RBS COUTTS BANK SA**, located at **13 QUAI DE L'LLE, PO BOX 5440, GENEVA 11, CH 1211, SWITZERLAND**

The First advance from the generated credit line to be released to the Policy Provider of the Life Policies  These funds to be paid direct to the provider by Fast Trading Group upon SWIFT confirmation of the binder to the bank account at Exhibit "I" and delivery on screen of the Luxor Global Bond

**Recitals**

**Whereas;** Client hereby confirms with full legal authority and responsibility that it has the financial resources required of good, clean, clear, unencumbered assets in the form of a Global Corporate Bond, in the total amount of **USD$ 900,000,000.00 (NINE HUNDRED MILLION UNITED STATES DOLLARS)**

FTG                           Page 2 of 15                           SF

# ASSET ENHANCEMENT AGREEMENT

### Agreement Code: RBS/JO-SF/$USD900M/SCR-SLSP/30062009

to be assigned in favor of **FAST TRADING GROUP** (hereinafter referred to as "FTG") via CEDEL SCREEN and backed by agreed SLS Policies confirmed with SWIFT delivery, to be sent to FTG designated bank, with full banking responsibility from **RBS COUTTS BANK SA,** located at **13 QUAI DE L'LLE, PO BOX 5440, GENEVA 11, CH 1211, SWITZERLAND**
(Hereinafter referred to as "RBS").

**Whereas;** FAST TRADING GROUP as signatory to this agreement, aggregates the necessary generated funds for the underlying financial transaction and, such generated funds are thereby under its control for contract activation and not withdrawal rights and it is ready, willing and able to commit said generated funds to a transaction in conjunction with the client's Assets for the benefit of the client as set out herein; and

**Whereas;** FAST TRADING GROUP confirms that it has made senior financial arrangements through its own Master Bank Contract for the purpose of providing for its clients a reliable, professionally managed and active financial transaction capable of generating the **required project emissions** set out herein; and

**Whereas;** This Asset Enhancement Agreement, when duly executed by both Parties, shall constitute a fully responsible, ready, willing and able agreement to be enacted as described herein by both Parties to satisfy their mutual obligations and undertakings under the Master contract.

**Whereas;** Generated funds refer to all the emissions and proceeds generated by a Line of Credit raised against the assigned asset of: **USD$ 900,000,000.00 (NINE HUNDRED MILLION UNITED STATES DOLLARS)**

**The Line of Credit will not be utilised for any other transaction.**

# ASSET ENHANCEMENT AGREEMENT

**Agreement Code: RBS/JO-SF/$USD900M/SCR-SLSP/30062009**

## Terms and Procedures

| | |
|---|---|
| Principal Amount/Asset | **USD$ 900,000,000.00 (NINE HUNDRED MILLION UNITED STATES DOLLARS)** |
| Loan to Value. | LTV of 40% (Best Efforts) |
| Cash-Advance | (1) FIRST AMOUNT (AS DIRECTED BY SLS Policies Owner) PAID within 3 banking days of the delivery protocol to the POLICY Provider |
| | (2) **USD$ 2,000,000.00 (TWO MILLION UNITED STATES DOLLARS)** PAID within 10 banking days of the delivery protocol, to SWIFTHOLD FOUNDATION |
| Applicable Emissions | After commencement of contractual activity under the FASA TRADING GROUP Master Contract  the emissions due to the client are to be  as follows **USD$ 150,000,000.00 (ONE HUNDRED & FIFTY MILLION UNITED STATES DOLLARS)** on or before 5 (FIVE) banking days from Line of Credit activation  **\* (LTV Best Efforts)** |
| Agreement Duration: | 1 (One) year duration + extension |

## Terms of Private Placement Agreement

**It is mutually agreed** that this agreement shall remain in full force and effect until the obligations of each party have been totally fulfilled, including mutually agreed upon extensions and/or renewals of this agreement and its underlying financial transaction

**It is further agreed** that this agreement shall be binding upon all parties

FTG

# ASSET ENHANCEMENT AGREEMENT

Agreement Code: RBS/JO-SF/$USD900M/SCR-SLSP/30062009

## Exclusivity

**Client hereby grants** irrevocable and exclusive right to FAST TRADING GROUP to provide the client with a financial transaction, utilising the total amount of generated funds described herein, for as long as this agreement shall remain in force and effect.

## Funds

**Client hereby confirms** to FAST TRADING GROUP that it has a good, clean, and clear, unencumbered Asset in **RBS COUTTS BANK SA**, located at **13 QUAI DE L'LLE, PO BOX 5440, GENEVA 11, CH 1211, SWITZERLAND** in an amount of not less than **USD$ 900,000,000.00 (NINE HUNDRED MILLION UNITED STATES DOLLARS)** in the form of a CORPORATE GLOBAL BOND, which is clean, clear and of non criminal origin. Such Assets are available to be assigned to enable the client to participate in the underlying financial transactions, which consist in the purchase and resale of Standard & Poor's AA or better rated bank debt instruments. All funds in their entirety shall be expressed in terms of **UNITED STATES DOLLARS.**

**Client hereby warrants** that the Asset committed for this Asset Enhancement are of non-criminal origin. Client hereby confirms with full legal and or corporate responsibility that it is ready, willing and able to authorise the assignment of said Asset to **FAST TRADING GROUP**, for the period of 1 (One) year, via CEDEL SCREEN and confirmed with SWIFT delivery, with full banking responsibility from **RBS COUTTS BANK SA**, located at **13 QUAI DE L'LLE, PO BOX 5440, GENEVA 11, CH 1211, SWITZERLAND** in accordance with the requirements of this agreement and the financial transaction contemplated herein within 5 banking days of execution of this agreement.

FTG:                     Page 5 of 15                     SF:

# ASSET ENHANCEMENT AGREEMENT

### Agreement Code: RBS/JO-SF/$USD900M/SCR-SLSP/30062009

## Procedures and undertakings

**(ia) FAST TRADING GROUP hereby acknowledges** that the client has provided any and all due diligence material requested of it by FAST TRADING GROUP and thus submits this Asset Enhancement Agreement to the client for execution and counter signature.

**(ib) FAST TRADING GROUP hereby acknowledges** that such Emissions obligated to the Client will be delivered to the clients designated account in a timely manner.

**(ii) Client herein provides** absolute authorization to FAST TRADING GROUP to take any and all necessary actions required in connection with the underlying financial transaction, including the assigning of said Asset at the transacting bank and to provide the returns as set out above in this agreement.

**(iii) Client hereby agrees** not to become directly involved in any part of the operations of the underlying financial transaction and agrees that said activities related to the financial transaction are the sole responsibility of FAST TRADING GROUP

**(iv) Client hereby provides** instructions to FAST TRADING GROUP to provide a Line of Credit for the underlying transaction which will not be depleted in the transacting bank and such Line of Credit will be released from the security free and clear after the contract period of three months (and or agreed extensions) and used specifically for this Asset Agreement

**(v) It is mutually agreed** that client's Asset shall remain at all times fully protected and not subject to loss or depletion of any type or kind, including any provision under this agreement, for the duration of this agreement or any extensions or renewals thereof. The Assets will remain under the management of FAST TRADING GROUP for contract activation of this Asset Enhancement Agreement only. FAST TRADING GROUP hereby irrevocably confirms and undertakes the responsibility. It is understood that the Assignment process could take up to three banking days, the activities to start on granting of the Line of Credit thereafter.

# ASSET ENHANCEMENT AGREEMENT

### Agreement Code: RBS/JO-SF/$USD900M/SCR-SLSP/30062009

**(vi)  FAST TRADING GROUP hereby confirms** and acknowledges that in the event that a buy/sell transaction is not completed within a standard working day, then the designated transaction account shall contain highly rated bank instruments or a combination of cash and highly rated bank instruments, of equal or greater value than the amount deposited therein, thus protecting the client's blocked Asset from loss or depletion of any kind at any time.

**(vii) FAST TRADING GROUP hereby confirms** that the underlying financial transaction may aggregate funds with those of other clients.

**(viii) FAST TRADING GROUP hereby confirms** that the financial System executing the purchase and sale transaction on behalf of FAST TRADING GROUP and its duly registered clients has, at all times, an available sale or "exit" contract in place to guarantee completion of the resale of the purchased bank debt instruments on a daily basis.

**(ix)  FAST TRADING GROUP's bank shall** verify the said Asset and on acceptance of the Assignment by FAST TRADING GROUP and after all bank s technical matters have been completed the Asset Enhancement Transaction contemplated by this agreement shall commence.

**(x)   If, within seven banking days** after the Assignment of the Client s Asset FAST TRADING GROUP have not confirmed the commencement of the financial transaction, the client shall immediately receive a written explanation and estimate of actual commencement of the transaction. If the delay has been a FAST TRADING GROUP matter and not a client matter and if the client grants no extension, the client shall be entitled in writing to terminate this agreement with immediate effect. Conversely FAST TRADING GROUP can also terminate the agreement if the action of the client or banks determines such action. It is mutually agreed that the Non-Circumvention and Confidentiality obligations of the client shall continue.

# ASSET ENHANCEMENT AGREEMENT

Agreement Code: RBS/JO-SF/$USD900M/SCR-SLSP/30062009

---

**(xi) Upon written confirmation** of termination of this agreement (conditions mentioned above) by the Client, FAST TRADING GROUP hereby agrees to release the Client's obligation under this agreement

**(xii) It is mutually agreed** that payment of returns contracted shall be remitted to the parties' designated accounts after compounding in form of irrevocable bank payment orders  The NET return of the Private Placement Transaction(s) shall be disbursed as follows

- 50% of the NET generated return to be paid to the Client, as provider of the collateral instrument

- 50% of the NET generated return to be paid to Fast Trading & Contracting as provider and coordinator of the structured investment platform, and Project Manager

The above return shall be paid to the parties on a weekly basis, being computed and calculated on the Credit Facility received, on behalf of Client, that being indicatively **USD$ 150,000,000.00 (ONE HUNDRED & FIFTY MILLION UNITED STATES DOLLARS)** less the agreed paid cash-advance   **(USD 2,000,000.00 (FIVE UNITED STATES DOLLARS)**, on best efforts basis, and subject to markets conditions  Without exception, any and all irrevocable bank payment orders to the above parties shall be compounded and discounted at the rate between 80% to 99%

It is expressly and explicitly understood by and between the parties that upon receipt of the payments from the investment platform, the parties will allocate and utilize the majority of their proceeds received by the investment platform for the development of legitimate socio-economic and/or commercial projects, for which FAST TRADING GROUP will acts as project manager.

All parties shall be individually responsible to allocate and utilize 80% (Eighty Percent) of their total NET proceeds for socio-economic and/or commercial projects, and 2% (TWO Percent), until a maximum amount of $50,000,000.00 (Fifty Million USD) for legitimate brokerage and intermediary fees, and the rest

# ASSET ENHANCEMENT AGREEMENT

Agreement Code: RBS/JO-SF/$USD900M/SCR-SLSP/30062009

for personal projects, salaries, management fees (20% of which can be utilized for lifestyle)

These allocations and percentages do fully comply with the current rules and regulations as published by the Authorities.

 (xiii) **Funds Placement for trade** : It is understood that balance of the credit line of the Principal Amount, after all fees is then   placed into a Private Placement Program 100% controlled by FTC

A) FTG to Arrange a Banking On-Line account to monitor Profit account of the Trading Process

B) FTG to Arrange a Bank Account at the Trading Bank to receive Funds on behalf of the client

C) Client to confirm to FTG the party or parties either corporate or individual which will be placed on the Trading Bank account

## Confidentiality

**Client hereby agrees** that at all times the contents of this agreement shall be confidential, save for discussions with its legal advisors, and if there shall be any breach by the client, or any legal advisor or Affiliated company or entity to the client then this agreement will be immediately determined and the client excluded from any further participation

**Client is fully cognisant** that FAST TRADING GROUP is relying upon the testimony and confirmation of the client as to the bona fides of the Asset and previous actions of the client and hereby agrees to hold FAST TRADING GROUP free and harmless from any previous or future investigations into the client's conduct or activities.

**It is mutually agreed** that the client shall not communicate with any of the bank or transaction officers involved in the underlying financial transaction

FTG _____   Page 9 of 15

# ASSET ENHANCEMENT AGREEMENT

### Agreement Code: RBS/JO-SF/$USD900M/SCR-SLSP/30062009

without the written consent of FAST TRADING GROUP Such unauthorised contact will cause the transaction to be terminated by FAST TRADING GROUP, the Line of Credit closed and the client's Funds released

**The client hereby irrevocably confirms** that no details of the bank, bank officer, bank account (name or number) or trade officer, will at any time be disclosed at any time to any introducer, agent or other such third party without the express written consent or instruction of FAST TRADING GROUP Such unauthorized disclosure will cause the transaction to be terminated by FAST TRADING GROUP and the client's Asset released from their non-depletion basis

**It is mutually agreed** that this Agreement shall be kept confidential and not reproduced in any form Furthermore, this agreement and related information shall be given only to persons entitled to receive such information, specifically those who are directly involved in the closing and management of this transaction

**In case of breach** of the above Confidentiality rules and regulations above earned emissions will be confiscated

Expenses and liabilities

**It is mutually agreed** that both parties shall be responsible for their respective institutional costs and expenses

**Both parties shall be** responsible for their respective liabilities in connection with the payment of all taxes, levies or duties, which might become due as a result of their participation in the contemplated transaction

## Non Performance:

Both parties agree to a non-performance penalty fee to be paid from the non-performance Party to the other Party in the amount equivalent to the 0 6% (Zero Point Six Percent) of the face value of the transaction, in order to cover the following charges and fees

# ASSET ENHANCEMENT AGREEMENT

### Agreement Code: RBS/JO-SF/$USD900M/SCR-SLSP/30062009

### In case of FAST TRADING GROUP:

Banking charges for outstanding credit facilities
Banking charges and legal fees for buy/sell contract reservations & Compliance and Due Diligence Fees

### In case of Client:

Banking charges for blocked funds/assets.
Banking charges for SCREEN 760 DELIVERY

The above non-performance fees shall be paid by the non-performance Party to the other, not later than 20 (Twenty) banking days from the execution of this Asset Enhancement Agreement.

### Termination of Agreement by Client

In the event that the client wishes, for whatever reason, to terminate his participation in the financial transaction contemplated herein shall provide FAST TRADING GROUP within 30 days written notice of such termination.

### Non-circumvention and non-disclosure

FTG and Client mutually acknowledge and agree to abide by the rules of non-circumvention and non-disclosure established by the International Chamber of Commerce, Paris, France, in publication number ICC 619 titled, Model Occasional Intermediary Contract, for a period of five years from the date hereof. This understanding shall survive the early termination of this agreement.

### Severability

Should any of the provisions of this agreement become inoperable or invalid so as to affect the agreement in part, the remainder of the Agreement shall remain in force and FAST TRADING GROUP and the client shall find a mutually agreed

# ASSET ENHANCEMENT AGREEMENT

**Agreement Code: RBS/JO-SF/$USD900M/SCR-SLSP/30062009**

resolution to the difficulty in the spirit of goodwill and mutual interest set out in this Agreement

## Sufficient time

Both parties acknowledge that they have had sufficient time and opportunity to consult with advisors of all kinds, including legal and financial, prior to the execution hereof and that each fully understands and acknowledges the facts pertaining to the agreement  Furthermore each fully understands the legal rights and obligations contained herein and each has executed this agreement freely and without reservation

## Counterparts

This agreement may consist of one or more counterparts, all of which  upon execution, shall constitute one and the same agreement  The Parties acknowledge that a Tele fax copy of this agreement or electronically mailed copy of this agreement may be signed by each party at different locations and at different times  All documents duly endorsed and notarised that are forwarded by facsimile or electronic mail, shall be considered as original and shall constitute binding and enforceable instruments

## Full recourse Agreement

This Agreement is a full recourse agreement concluded under the laws of England and Wales which jurisdiction shall govern the construction, interpretation, execution, validity, enforceability, performance and any other matters in respect of this agreement, including breach or claim thereof  The parties agree to have any dispute dealt with by arbitration as a first recourse

## Warranties

FAST TRADING GROUP warrants that emissions are good, clean, and clear, unencumbered funds, of non- criminal origin and FAST TRADING GROUP and the client warrants that the emissions derived from the program will not be

13

# ASSET ENHANCEMENT AGREEMENT

### Agreement Code: RBS/JO-SF/$USD900M/SCR-SLSP/30062009

used for any illicit or terrorist purpose. All the statements and representations under this agreement are made with full legal and corporate responsibility

It is mutually agreed and acknowledged that FAST TRADING GROUP has not solicited the client in any way and the client shall not construe any documents, information or agreements that might have been received from FAST TRADING GROUP as such, nor shall they be deemed to be a solicitation of any kind

It is mutually agreed that this is a Private Placement Transaction and that all communication, documents and information have been provided at the request of the client and as such shall be kept confidential and private

## Force Majeure

Neither Party hereto shall be liable for the failure of performing any of its obligations under this agreement to the extent that such failure is the result of

- An Act of God
- A war or wars
- Riots
- Revolution or revolutions, strikes or other labour disputes
- Fire, flood, sabotage, earthquake, storms, or epidemics
- Where banks are closed by governmental intervention or any other legal reason

## Industry standard regulations

The Parties hereto acknowledge and agree that the underlying financial transaction contemplated by this agreement may be subject to the standard rules and regulations of international finance and set out in, but not limited to, International Chamber of Commerce (ICC) Paris France, publications 458 or later, "Uniform Rules for Demand Guarantees" and 500, "Uniform Customs and Practice for Documentary Credits", which are deemed to be incorporated into this agreement

FTG'                              Page 13 of 15                              CP.

# ASSET ENHANCEMENT AGREEMENT

**Agreement Code: RBS/JO-SF/$USD900M/SCR-SLSP/30062009**

# SIGNATURE PAGE

### RBS/JO-SF/$USD900M/SCR-SLSP/30062009

The Agreement shall constitute the entire agreement between the parties and supersedes any and all agreements, representations, warranties, statements, promises, and understandings, whether oral or written, with respect to the subject matter hereto, and neither party shall be bound by, nor charged with any oral, or written agreements, representations, warranties, statements, promises, or understandings not specifically set forth in this Agreement save as maybe pre-agreed in writing between the parties.

**This Agreement has been accepted and agreed to by the Parties hereto and duly signed and delivered to each Party this 30TH day of  JUNE 2009.**

For and behalf of                                    For and behalf of
**FAST TRADING GROUP**                      **SWIFTHOLD FOUNDATION**


David M. Doherty, Director                   John Edward Foord Owen, Protector
Ireland Passport No    B675859           UK Passport No        621082040

# ASSET ENHANCEMENT AGREEMENT

### Agreement Code: RBS/JO-SF/$USD900M/SCR-SLSP/30062009

# EXHIBIT "1"

BANK                ALTO ADIGE BANCA SPA-SUDTIROL BANK AGN

BANK ADDRESS        SEDE LEGALE,VIA DOTT. STREITER 31,

                    I-39100 BOLZANO, ITALY

ACCOUNT NR          8359426/0200

ACCOUNT NAME        INPROGRAMME SA

TEL                 +39 0471 067 000

FAX                 +39 0471 067 007


DEPOSITORY BANK     INTESA SAN PAOLO

BANK ADDRESS        VIA LANGHIRANO 1, 43100 PARMA, ABI 03069,

                    CAB 12711

EUROCLEAR CODE      03009

CEDEL ACC NR  11037

# Exhibit 2



July 6, 2009

Addressee: John Owen
Protector - The Swifthold Foundation
Comosa Buildings - 15th Floor
Samuel Lewis Avenue
Panama City
Panama

Dear John:

This is to confirm that Cantor LifeMarkets, LP ("Cantor"), through its various operating units, acquires or sells Senior Life Settlements Policies for its clients. Cantor is committed to providing The Swifthold Foundation ("The Foundation"), for attachment to their Luxor Global Bond ISIN Number GB00B3F58170 with a face value of $900,000,000 00 (Nine Hundred Million United States Dollars), Senior Life Settlement Policies rated AA- or better each maturing for not less than $2,000,000 00 (Two Million United States Dollars) with a total value of $1,400,000,000 00 (One Billion Four Hundred Million United States Dollars) and Cantor will send same by electronic transfer as directed by you or your contracted funder, The Fast Trading Group

This commitment is subject to Cantor's satisfactory due diligence on all parties involved n the transactions (including, but not limited to your fund providers, the Fast Trading Group, who's parent is Inprogramme SA of Via Pacobelli 18, 6815 Melide, Switzerland) and compliance with all legal and regulatory obligations, execution of appropriate agreements between The Foundation and Cantor, agreement on The Foundation s purchasing parameters, and, proof of The Fast Trading Group's ability to fund the transaction(s)

You have informed us once you receive this letter of commitment The Fast Trading Group will deal directly with Cantor for the final negotiations and contractual commitments to pay to Cantor such amount as we shall negotiate directly with them

Whilst you have informed us that Inprogramme's Senior Director is Shk Fahad Ahmed Mohamed T Al-Thani, who is a member of the ruling family of the State of Qatar, you will appreciate that we have our own due diligence process which we will strictly adhere to at our absolute discretion.

Respectfully Yours,

Stuart Hersch
President & CEO
Cantor Insurance Group, LP

FAST TRADING GROUP

8th July 2009

TO : Lon Pastuch
Managing Director
Life Settlements International, LLC
Division of Cantor Life Markets, LP
499 Park Avenue, 4th floor
New York, NY 10022
Phone: 212-294-8091
Fax:     212-294-7740
Email:  Lpastuch@cantor.com

**Ref : Purchase of SLS Policies USD$1,4 Billion by Fast Trading Group**

Dear Lon

At present I have 6 clients in total that we now have in position with the required on screen instruments with values of USD$900m on average that we are looking to wrap with SLS Policies as provided by your group.

In order to initially proceed and have our bank in position to issue the relevant undertakings for payment on the policies we will need the following letter from your side

1. Letter from Cantor Life Markets, LP directed to Royal Bank of Scotland ( details as supplied by the client Exhibit 1) and to Suditrol Bank ( owned by Raiffeisen – Exhibit 2) as the paymaster to Cantor on the Policies.

2. Letter to confirm that the specified and listed polices as provided will back up the Luxor Bond as per ISIN GB00B3F58170 ( Exhibit 3) by value USD$ 1,4 Billion.


Our officer at Suditrol Mr Paolo Alpiani, will then be able to confirm directly to you our position and the undertakings of ability to purchase subject to all due diligence

FIRST TRADING GROUP HOLDING

## Exhibit 1

| | |
|---|---|
| Name of Bank | : RBS Coutts Bank SA |
| Branch | : Geneva |
| Street address | : 13 Quai de L'ile  P.O. Box 5440 |
| City/State/ZIP | : Geneva 11, CH1211 Switzerland |
| Telephone | : +41 223 190 136 |
| Facsimile | : +41 794 014 271 |
| S.W.I.F.T. Code | :  COUTCHZZ |
| Bank Officer #1 | : Mark J. Robertson |
| Account Name | : The Swifthold Foundation - Owen |
| Account Number | : 11111695.1001 |
| Account Signatory | : John E. F, Owen |

## Exhibit 2

| | |
|---|---|
| Name of Bank | : BANCA SPA-SUDTIROL BANK AGI |
| Street address | : Via Esperanto 1, 39100 Bolzano  1 |
| Country | : Italy |
| Telephone | : +390471067015 |
| Facsimile | : +390471067007 |
| S.W.I.F.T. Code | :  ccrtit2t |
| Bank Officer #1 | : Paolo Alpiani |
| Account Name | : INPROGRAMME SA |
| Account Number | : 8359426/0200 |
| Account Signatory | : Antonio Castelli |

FIRST TRADING GROUP

Exhibit 3

Geneva, 26 May 2009
The Swithold Foundation - Owen-r USD
Account-No  11111695.1001
Valuation Currency  USD

## RBS Coutts

RBS Coutts Bank SA
Quai de l'Île 13
Case Postale
1211 GENEVE 11
SUISSE

Telephone  +41 (0)22 319 03 19
Facsimile  +41 (0)22 310 38 57

### ASSETS & LIABILITIES
As of 25 May 2009

| SIN-No. / Security-No / Bond Rating / Pool Factor | | Market Price | Market Forex Rate | | | |
|---|---|---|---|---|---|---|

**OTHER ASSETS**

Others

Luxor Global Plc                          01-Apr-09   USD
Certificate over Nominal 900 000 000
6 1/2 % Loan Notes / 2008–2.10.2018

Total Other Assets                                                    0

TOTAL                                                                 0

FAST TRADING GROUP

## Policies Details

Senior life Settlement Policies             Rating AA- or better
Value Minimum  Each                         USD $ 2 Million
Contract Value of                           USD $ 1,4 Billion

Policies to be provided with a fully serviced contract and premiums paid in
advance for 24 months.

About Fast Trading Group

- "FTG" is a wholly owned subsidiary of Fast Trading & Contracting
  (attached). InProgramme SA is a subsidiary of the main company.
- Our company asset manages multiple accounts in Europe and USA fro the
  Sovereign government and members of the Qatari Royal family and others
- I am a director of several companies for the group with authorization to
  sign requisite contracts and management undertakings

If you require any further information then please do not hesitate to contact
me

David Doherty

USA +1-202-470-0968
UK Office +44-20-8144 84 55
HK +852 8124 5886
CELL : +353 87 0640804
EFax: +1 202-318-8279
SKYPE: DavidDohertyDevelopments
daviddoh@gmail.com – Blackberry

# Exhibit 3

Claim No. 0MA30511

IN THE HIGH COURT OF JUSTICE

CHANCERY DIVISION

MANCHESTER DISTRICT REGISTRY

Before His Honour Judge Pelling QC sitting as a Judge of the High Court at Manchester on Monday, 31 October 2011

B E T W E E N:-

THE SWIFTHOLD FOUNDATION

Claimant

- and -

FAST TRADING GROUP

Defendant

Order

UPON HEARING the trial for the assessment of damages herein

AND UPON HEARING Leading Counsel for the Claimant

AND UPON the Defendant not appearing

AND UPON the Learned Judge determining, from the witness statement of Julia Anne Sorrell dated 21 October 2011 that the Defendant had been duly given notice of hearing in accordance with the procedures laid down by the order of District Judge Khan herein

AND UPON the Learned Judge reading the documents recorded on the court file as having been read

IT IS ORDERED THAT

1. Pursuant to CPR 32.2 the Claimant for the purposes of the trial of assessment of damages herein be permitted to adduce witness evidence (namely the Third Witness Statement of Christopher Robert John Sorrell dated 18 August 2011, the Particulars of Claim herein signed by Christopher Robert John Sorrell under a statement of truth dated 9 July 2010, the witness statement of Martin Stuart Caller dated 13 October 2011, the witness statement of Julia Anne Sorrell dated 21 October 2011 and the expert report of Stuart Cheek dated 13 October 2011) by production of the said witness statements Particulars of Claim and the said expert report without the witnesses and expert having to attend to give evidence orally.

2. The Defendant pay the Claimant $4 billion or the Sterling equivalent at the time of payment

1

3. There be interest thereon from 1 July 2010 at 1% above the US LIBOR dollar quarterly rate.

4. The Defendant do pay the Claimant's costs of this action on the standard basis to be assessed.

Michael J Booth QC

Leading Counsel for the Claimant

# Exhibit 4

**Notice of Hearing**

| | In the High Court of Justice |
|---|---|
| | Chancery Division |
| | **Manchester** |
| | District Registry |

| Claim Number | 0MA30511 |
|---|---|
| Date | 18 February 2015 |

| | |
|---|---|
| SWIFTHOLD FOUNDATION | 1st Claimant |
| | Ref AH.MC.330594 |
| FAST TRADING GROUP | 1st Defendant |
| | Ref |

TAKE NOTICE that the Hearing will take place on

**20 March 2015 at 10:30 AM**

at Manchester District Registry, Civil Justice Centre, Level 9, 1 Bridge Street West, Manchester, M60 9DJ

When you should attend

45 minutes has been allowed for the Hearing

**Please Note:** This case may be released to another Judge, possibly at a different Court

---

The court office at Manchester District Registry, Civil Justice Centre, 1 Bridge Street West, Manchester, M60 9DJ is open between 10:00 am and 4:00 pm Monday to Friday. When corresponding with the court, please address forms or letters to the Court Manager and quote the claim number. Tel: 0161 2405000 Fax. 0161 2405050

Produced by Sheona Miles

N24 Notice of PTR/Adjnd/Restored/Hrg/Management Conference
CJR024

# Application notice

For help in completing this form please read
the notes for guidance form N244 Notes

| In the | |
|---|---|
| High Court of Justice Chancery Division Manchester District Registry | |
| Claim no | 0MA30511 |
| Fee Account no | |
| Warrant no (if applicable) | |
| Claimant's name (including ref ) | The Swifthold Foundation |
| Defendant's name (including ref ) | 1) The Fast Trading Group 2) Sheikh Fahad Ahmed Bin Mohamed Al-Thani |
| Date | 19 02 15 |

*(court stamp: FER MAJESTY HIGH COURT OF JUSTICE MANCHESTER DISTRICT REGISTRY 1 8 FEB 2015)*

**1** What is your name or, if you are a legal representative, the name of your firm?

BBS ZATMAN LTD

**2** Are you a ☐ Claimant   ☐ Defendant   ☒ Legal Representative

☐ Other *(please specify)*

If you are a legal representative whom do you represent?

he Claimant Applicant

**3** What order are you asking the court to make and why?

1 An order that directions be given towards a hearing for the Respondent to be substituted as Defendant in place of Fast Trading Group alternatively added as Defendant for the purpose of enforcement against him of the existing judgment herein dated 31 st October 2014 of $1 billion together with interest thereon and costs (the Judgment)

2 An order that the Respondent Sheikh Fahad Ahmed Bin Mohamed Al Thani do within 35 days of service of this application upon him and (unless he has previously issued and served an application disputing the jurisdiction of the court supported by evidence and specifying the grounds thereof in which case this requirement operates from 7 days after determination of such application unless the court declined jurisdiction) personally (under a statement of truth signed by him, or at his option an affidavit) file evidence specifying whether he accepts or denies all or any part of the assertion that he is sole proprietor of the Fast Trading Group and hence responsible for its debts and liabilities including in particular the judgment referred to at paragraph 1 above and if he denies all or any part of such assertion specifying precisely what he denies and specifying each and every fact and matter relied upon in support of such denial in default of which he be substituted as Defendant in place of Fast Trading Group and the Judgment be amended so that it is an order against him and all sums due thereunder can be enforced against him

3 An order that if the Respondent Sheikh Fahad Ahmed Bin Mohamed Al-Thani does not file the evidence referred to in paragraph 2 of the order complying strictly with its terms that the Applicant be at liberty forthwith to certify the non-compliance substitute Sheikh Fahad Ahmed Bin Mohamed Al Thani as Defendant in place of Fast Trading Group so that he is liable for all sums due under the Judgment and enforce judgment under the Judgment against Sheikh Fahad Ahmed Bin Mohamed Al-Thani to the like extent as if the Judgment had originally been made against him

4 If the Respondent Sheikh Fahad Ahmed Bin Mohamed Al-Thani does file the evidence referred to in paragraph 2 of the order, fully complying therewith, that the matter be listed for further directions for the filing and serving of evidence (including, if necessary expert evidence) and attendance for cross examition and determination of the application

N244 Application notice (05 14)                                           N244/1

Continued

5. Upon the final hearing of the application, an order that the Respondent Sheikh Fahad Ahmed Bin Mohamed Al-Thani be substituted as Defendant in place of Fast Trading Group, alternatively added as Defendant, for the purpose of enforcement against him of the Judgment.

6. There be such further and other orders as shall to the court seem fit for enforcing the primary order sought herein.

7. That the Respondent Sheikh Fahad Ahmed Bin Mohamed Al-Thani do pay the costs of this application.

These Orders are sought because:

1. Before the Judgment was entered, as evidence previously filed shows, all efforts to get any reply or response from Fast Trading Group at any of its contact details proved fruitless. This did not allow the Applicant to ascertain the true nature of Fast Trading Group. The contract was in the name of Fast Trading Group. Since it transpires this is the trading name or equivalent to a trading name of Sheikh Fahad Ahmed Bin Mohamed Al-Thani that was an appropriate style to use even though now it is appropriate and desirable to amend the Judgment to his name.

2. Since the Judgment was entered no part of it has been satisfied

3. Fast Trading Group is in fact an entity of which Sheikh Fahad Ahmed Bin Mohamed Al-Thani is sole proprietor It is not therefore something distinct from him, but something for which he is personally the owner and operator, and he is personally responsible for its liabilities

4. As such Sheikh Fahad Ahmed Bin Mohamed Al-Thani must have known both of the application for judgment, subsequently the Judgment, and his personal responsibility in respect of it but has failed to satisfy it or any part thereof

5. In order to allow affair disposal of the matter and a proportionate use of court resources, it is inappropriate for the Applicant, substantially out of pocket and having for some years had to pursue a recalcitrant debtor, to have to file detailed factual and expert evidence when it is unlikely that the basic position above can or will be seriously contested

6. (Please see continuation sheet attached)

---

4   Have you attached a draft of the order you are applying for?   [x] Yes    [ ] No

5.  How do you want to have this application dealt with?   [x] at a hearing   [ ] without a hearing

    [ ] at a telephone hearing

6.  How long do you think the hearing will last?   [ ] Hours   [45] Minutes

    Is this time estimate agreed by all parties?   [ ] Yes   [x] No

7   Give details of any fixed trial date or period

8.  What level of Judge does your hearing need?   His Honour Judge Pelling QC

9.  Who should be served with this application?   the Defendants/Respondents

9a. Please give the service address, (other than details of the claimant or defendant) of any party named in question 9.

N244/2

Continuation Sheet – Application – Claim No. 0MA30511

Part 3 continued…

6. Whilst it is not considered that there is any basis for Sheikh Fahad Ahmed Bin Mohamed Al-Thani to contest his status or responsibility in respect of the Fast Trading Group, giving him the opportunity to identify any such issue will mean that the court is able to focus on any area of dispute (if any) and resolve the matter accordingly.

7. It is appropriate for Sheikh Fahad Ahmed Bin Mohamed Al-Thani to give evidence personally. If there is any merit in any point he wishes to make there should be no difficulty about him giving evidence: against a background of evasion in terms of a failure to respond to the original claim, or in terms of failure to pay any part of the Judgment, it is only fair that any challenge should be made evidentially by the person best placed to make it.

8. If there is no response, the only logical inference is that there can be no proper response, and judgment against him and enforcement of the Judgment should be given effect by his substitution as the Defendant to the Judgment.

9. CPR 19.2.5 gives the court the power to substitute parties after judgment should the overriding objective require such an order, which in this case it plainly does.

10. This application relates to a judgment properly obtained in the English Court. If the assertions are correct then it is appropriate to substitute Sheikh Fahad Ahmed Bin Mohamed Al-Thani. Whilst it is difficult to see any valid basis upon which the jurisdiction of this court could be challenged (or indeed, if it were, what court could possibly determine this matter) the order includes a provision allowing a challenge (however misconceived) to be made

Signed_____  Dated____19 / 2 / 1r____

10  What information will you be relying on, in support of your application?

☐ the attached witness statement

☐ the statement of case

☒ the evidence set out in the box below

| If necessary, please continue on a separate sheet |
|---|

1  When the Applicant originally obtained the Judgment it acted on the (reasonable) assumption that, since the contractual party referred to itself as the Fast Trading Group that it was some entity distinct from any person, but in any event since that was the trading name it was appropriate to use it

2  The present situation and proposed course of action is set out in the grounds above in support of the application  The information available to the Claimant demonstrates that whether taken as a matter of fact or law (in the principal place of business of the Fast Trading Group, namely Qatar) or both, that Sheikh Fahad Ahmed Bin Mohamed Al-Thani is the sole proprietor of the Fast Trading Group and that he is the person who operates it as his business and who is personally responsible for its debts and obligations

3  Sheikh Fahad Ahmed Bin Mohamed Al-Thani is a member of the Qatari royal family and is obviously a person of some status and importance within Qatar  Even apart from his personal obligations as aforesaid, he is plainly the principal and person in control of the Fast Trading Group and so responsible for its failure to respond to the claim or to pay one penny piece in satisfaction of the long-standing existing and valid judgment

4  Whilst the Claimant will if necessary adduce full evidence to support its case (of fact and expert) there are three reasons why pursuant to the overriding objective it is inconvenient to do so at the moment  The first is cost  This matter has been pursued for a lengthy period of time without any recoveries  and further significant expense should not be required unless necessary  The second is that witnesses whether expert or of fact may find a hesitation in Qatar to their giving evidence against  a member of the Royal family  That is something which can and will be dealt with if required  but can be avoided completely if unnecessary  The third is that the position of the Claimant is that Sheikh Fahad Ahmed Bin Mohamed Al-Thani (who is so well that he is the sole proprietor of the Fast Trading Group  to be equated with it as essentially effectively his trading style, and responsible for all debts and liabilities of  the same  If he is prepared to give evidence to refute all or any of these points then the matter can be pursued evidentially with directions  It cannot seriously be supposed that he will fail to do so, faced with a judgment for $4 billion plus, unless he cannot  If he cannot challenge it there is no reason for further expense and inconvenience  On any version of events the Sheikh has known of the Judgment, failed ever to challenge it but also failed to pay a penny of it  There is no reason for further expense unless there is a good reason

5  This court self-evidently has jurisdiction in relation to its own judgment  It is not thought that there is any basis for a challenge to jurisdiction, but plainly the order needs to cater for any such challenge however misconceived.

6. All liabilities pursuant to the Judgment have been evaded so far  Given the eminence of Sheikh Fahad Ahmed Bin Mohamed Al-Thani, there is a legitimate concern that some person may be prepared to give evidence on his behalf which will not reflect the true position  If Sheikh Fahad Ahmed Bin Mohamed Al-Thani believes that he is not the sole proprietor, not essentially in the position of operating a business representing himself, and does not believe that he is personally liable, he should not have the faintest difficulty in giving evidence about this or (subject to the directions given) being cross-examined about it. If he does not have sufficient confidence to give evidence himself then there is no good reason why the Applicant should be kept out of its money any longer

Continued

If necessary, please continue on a separate sheet.

### Statement of Truth

(I believe) (The applicant believes) that the facts stated in this section (and any continuation sheets) are true.

Signed _____   Dated 18.02.15

Applicant('s legal representative)('s litigation friend).

Full name  Martin Caller

Name of applicant's legal representative's firm   BBS ZATMAN LTD

Position or office held Solicitor
(if signing on behalf of firm or company)

---

11. Signature and address details

Signed _____   Dated 18.02.15

Applicant('s legal representative)('s litigation friend).

Position or office held  Solicitor
(if signing on behalf of firm or company)

Applicant's address to which documents about this application should be sent

| BBS ZATMAN LTD<br>1 THE COTTAGES, DEVA CENTRE, TRINITY WAY<br><br>Postcode  M 3    7 B E | If applicable | |
|---|---|---|
| | Phone no. | 0161-832 2500 |
| | Fax no. | 0161-834 4826 |
| | DX no. | DX 14321 MANCHESTER 1 |
| | Ref no. | AJH.AH.MC.330594 |

E-mail address  mail@bbszatman.co.uk

Oyez  7 Spa Road, London SE16 3QQ  www.oyezforms.co.uk      N244      2014 Edition  5 2014
© Crown copyright 2014                                                          5093238
                                                                                N244/4

Claim No. 0MA30511

IN THE HIGH COURT OF JUSTICE

CHANCERY DIVISION

MANCHESTER DISTRICT REGISTRY

Before His Honour Judge Pelling QC sitting as a Judge of the High Court at Manchester on the       day of 2015

BETWEEN

THE SWIFTHOLD FOUNDATION

Claimant/Applicant

and

(1) FAST TRADING GROUP

Existing Defendant

(2) SHEIKH FAHAD AHMED BIN MOHAMED AL-THANI

Proposed Defendant/Respondent

UPON APPLICATION made into court this day by the Applicant

AND UPON READING the documents recorded on the court file as having been read

IT IS ORDERED THAT

1. The Respondent Sheikh Fahad Ahmed Bin Mohamed Al-Thani do within 35 days of service of this application upon him personally (under a statement of truth signed by him, or at his option an affidavit) file evidence specifying whether he accepts or denies all or any part of the assertion that he is sole proprietor of the Fast Trading Group and hence responsible for its debts and liabilities including in particular the judgment herein dated 31st October 2011 for $4 billion plus interest and costs ("the Judgment"), and if he denies all or any part of such assertion specifying precisely what he denies and specifying each and every fact and matter relied upon in support of such denial,, in default of which he be substituted as Defendant in place of Fast Trading Group and the Judgment be amended so that it is an order against him and all sums due thereunder can be enforced against him.

2. If the Respondent Sheikh Fahad Ahmed Bin Mohamed Al-Thani does not file the evidence referred to in paragraph 1 of the order that the Applicant be at liberty forthwith to certify the non-compliance, substitute Sheikh Fahad Ahmed Bin Mohamed Al-Thani as Defendant in place of Fast Trading Group so that he is liable for all sums due under the Judgment, and

enforce judgment under the Judgment against Sheikh Fahad Ahmed Bin Mohamed Al-Thani to the like extent as if the Judgment had originally been made against him.

3. If the Respondent Sheikh Fahad Ahmed Bin Mohamed Al-Thani files the evidence referred to in paragraph 1 of the order, that the matter be listed for further directions for the filing and serving of evidence (including, if necessary expert evidence) and attendance for cross-examination and determination of the application.

4. That if before the time referred to in paragraph 1 expires the Respondent Sheikh Fahad Ahmed Bin Mohamed Al-Thani files and serves an application disputing the jurisdiction of the court, supported by evidence and specifying the grounds thereof, the time for compliance with paragraph 1 of this order is extended to 7 days after determination of such application (unless the court declines jurisdiction)

5. That the Respondent Sheikh Fahad Ahmed Bin Mohamed Al-Thani do pay the costs of this application if and when he is substituted or added as Defendant

# Notice of Restored Hearing

| In the High Court of Justice |
|---|
| Chancery Division |
| Manchester |
| **District Registry** |

| Claim Number | 0MA30511 |
|---|---|
| Date | 13 May 2015 |

| | |
|---|---|
| SWIFTHOLD FOUNDATION | **1ˢᵗ Claimant**<br>**Ref AH.AJH.MC.330594** |
| FAST TRADING GROUP | **1ˢᵗ Defendant**<br>**Ref** |

TAKE NOTICE that the Hearing of the Claimant's application has been restored to

**5 June 2015 at 10:30 AM**

at Manchester District Registry, Civil Justice Centre, Level 9, 1 Bridge Street West, Manchester, M60 9DJ

When you should attend

90 minutes has been allowed for the Hearing

**Please Note:** This case may be released to another Judge, possibly at a different Court

---

The court office at Manchester District Registry, Civil Justice Centre, 1 Bridge Street West, Manchester M60 9DJ is open between 10 00 am and 4 00 pm Monday to Friday When corresponding with the court, please address forms or letters to the Court Manager and quote the claim number Tel 0161 2405000 Fax 01264 785032

Produced by Sheona Miles

N24 Notice of PTR/Adjnd/Restored/Hrg/Management Conference                                         CJR024

# Exhibit 5



# RESOLUTION OF FAST TRADING GROUP

17TH September, 2008-09-17

I, UNDRSIGNED, SHEIKH FAHAD AHMED BIN MOHAMED AL THANI, MEMBER OF THE RULING FAMILY OF QATAR, HOLDING DIPLOMATIC PASSPORT NUMBER 007926, IN MY FUNCTION OF CHAIRMAN OF FAST TRADING GROUP, DO HEREBY APPOINT DAVID MICHAEL DOHERTY HOLDING REPUBLIC OF IRELAND PASSPORT B675859 AS A DIRECTOR OF FAST TRADING GROUP

HE IS AUTHORISED TO MARGIN ASSETS, TO MOVE FUNDS IN OUR BEHALF AND SIGN ALL NECESSARY DOCUMENTS IN RELATION TO OUR COMPANY

SHEIKH FAHAD AHMED BIN MOHAMED AL-THANI

